IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANIMAL LEGAL DEFENSE FUND, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES FOOD & DRUG ADMINISTRATION, <br><br> Defendant. | Misc. No. 1:17MC26 <br><br> (Civ. Case No. 12-cv-04376-EDL pending in the Northern District of California) |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH SUBPOENA SERVED ON NON-PARTY AGRI STATS, INC.

Non-party Agri Stats, Inc. ("Agri Stats"), a local Fort Wayne corporation, received a Rule 45 subpoena from the Animal Legal Defense Fund (the "Plaintiff") compelling it to appear for a deposition in a FOIA litigation pending in the Northern District of California relating to FDA inspection reports on certain commercial layer egg production facilities in Texas. The deposition is noticed for July 7, 2017.

The magistrate judge presiding over the FOIA litigation (Hon. Elizabeth D. Laporte) limited discovery to certain narrow circumstances not applicable to Agri Stats. In particular, she expressly prohibited taking depositions for the purpose of showing that information redacted by the FDA is publicly available, instead limiting the scope of permissible deposition discovery to "any witness who is expected to offer testimony on the issue of competitive harm at the evidentiary hearing on this matter." Case Management and Pretrial Order at 2, No. 12-cv-04376-EDL (N.D. Cal. Jan. 11, 2017), ECF No. 79 (hereinafter "Case Management Order") (attached hereto as Exhibit A). Contrary to the Case Management Order, Plaintiff's principal purpose in

US.113094622.01

seeking to depose Agri Stats appears to be to try to show that information similar to that contained in the FDA inspection reports is publicly available from other sources. In any event, Agri Stats does not collect information from the commercial layer egg production facilities in Texas that are at issue in the FOIA litigation and does not publicly disclose such information about commercial layer egg production facilities anywhere.

More generally, Agri Stats does not have information that is sufficiently relevant to the FOIA litigation to warrant the burden of a deposition. Agri Stats did not provide the information in the FDA inspection reports, is not a participant in the commercial egg production business, has not offered any testimony in the case, and will not offer any testimony at the upcoming evidentiary hearing. Indeed, the commercial egg producers in Texas are in a far better position than Agri Stats to opine about competitive harm to competition in the commercial egg production industry from the disclosure of information about their facilities.

Accordingly, Agri Stats requests that the Court quash the subpoena.

## FACTS AND BACKGROUND

### I.    The FOIA Litigation

The Plaintiff and the United States Food and Drug Administration (the "Defendant") are involved in FOIA litigation concerning whether the Defendant was entitled to redact Establishment Inspection Reports ("EIRs"), or narrative reports of investigators' inspection findings, detailing conditions at commercial layer egg production facilities in Texas[1] on the ground that this information was confidential commercial information exempt from public

---

[1] These egg production facilities are apparently owned by Cal-Maine Foods, Feather Crest Farms, Mahard Egg Farm, Kieke Egg Farm, Ruby's Quail Farm, and Pilgrim's Pride Corporation. *Animal Legal Defense Fund v. United States Food & Drug Admin.*, No. C-12-04376 EDL, 2013 WL 4511936, at *2 (N.D. Cal. Sept. 30, 2016).

disclosure under Exemption 4 of FOIA, 5 U.S.C. § 552(b)(4). *See Animal Legal Defense Fund v. United States Food & Drug Admin.*, No. C-12-04376 EDL, 2013 WL 4511936, at *2 (N.D. Cal. Sept. 30, 2016). Magistrate Judge Laporte's initial grant of summary judgment was reversed and remanded by the Court of Appeals for the Ninth Circuit. *See Animal Legal Defense Fund v. United States Food & Drug Admin.*, 839 F.3d 750, 750 (9th Cir. 2016) (en banc) (per curiam).

### A.    Case Management Order

On remand, Magistrate Judge Laporte issued a Case Management Order that allowed for only limited discovery. Specifically, the Case Management Order provides that

> [e]ach party may take the deposition of any witness who is expected to offer testimony on the issue of competitive harm at the evidentiary hearing on this matter. . . . discovery will not be permitted on any other topic, including whether the redacted information is or was publicly available.

Case Management Order, Exhibit A, at p. 2. The limited scope of discovery is further highlighted by the fact that the Order does not permit the parties to exchange interrogatories or request documents from one another. *Id.* Discovery is now scheduled to close on July 14, 2017. *See* Apr. 12, 2017 Order, ECF No. 92.

### B.    Service of the Rule 45 Subpoena

On June 20, 2017, more than six months after the order granting limited discovery and only three weeks before discovery was scheduled to close, Plaintiff served non-party Agri Stats with a deposition subpoena pursuant to Rule 45 (the "Subpoena"). *See* the Subpoena, which is attached hereto as Exhibit B. Agri Stats is a data collection and benchmarking company headquartered in Fort Wayne, Indiana, which provides services to several agribusiness industries. *See* Declaration of Brian Snyder ("Snyder Decl."), attached hereto as Exhibit C, at ¶¶ 1, 2. It uses the information it collects to identify efficiency opportunities for agribusinesses, in part by distributing certain information in a manner that protects the confidentiality of individual

companies." Snyder Decl., Exhibit C, at ¶ 2. The EIRs at issue in the litigation contain information collected by the FDA from certain commercial layer egg production facilities in Texas and do not contain any information from Agri Stats. Indeed, Agri Stats does not collect any information from any commercial layer egg production facilities in Texas, let alone the facilities at issue in the FOIA litigation. Snyder Decl., Exhibit C, at ¶ 4.

The Notice of Deposition ("Notice"), attached hereto as Exhibit D, instructs Agri Stats to designate someone pursuant to Rule 30(b)(6) "to testify on [Agri Stats'] behalf" about several topics related solely to Agri Stats and not to the FDA's EIRs:

> 1. The benefits and value that Agri Stats believes or represents to its customers are, or can be, derived from any reports Agri Stats creates regarding the egg production industry.
>
> 2. The categories of information that Agri Stats provides, or can provide, to customers in any reports it generates or develops regarding the egg production industry.
>
> 3. The sources of information that Agri Stats utilizes in order to generate the information that is contained in any reports regarding the egg production industry.
>
> 4. The processes and mechanisms that Agri Stats employs to ensure (or attempt to ensure) that any information contained in reports regarding the egg production industry is or will be accurate.
>
> 5. The manner in which Agri Stats provides any reports regarding the egg production industry to any federal government agency, such as the United States Department of Agriculture ("USDA") or the Food and Drug Administration ("FDA").
>
> 6. Agri Stats['] knowledge or understanding of the nature of the USDA or FDA's use of the Agri Stats report(s).
>
> 7. The history of Agri Stats, including the history of how and when Agri Stats has generated and/or produced reports regarding the egg production industry.

US.113094622.01

        8. The manner in which Agri Stats protects information that is shared with Agri Stats.

Notice, Exhibit D at p. 6.

### C.    Meet and Confer

As reflected in the Local Rule 37-1 Certification ("Certification"), attached hereto as Exhibit E, on June 28, 2017, national counsel for Agri Stats (Thomas Barnett, Bruce Baird, and Michael Baker of Covington & Burling LLP) conferred telephonically with counsel for the Plaintiff (Christopher Berry and Sarah Hanneken) and counsel for the FDA (Michelle Lo). Agri Stats asked Plaintiff to withdraw the subpoena and deposition notice, which Plaintiff refused to do. Certification, Exhibit E. Plaintiff also did not provide sufficient justification for why the deposition was warranted or within the scope of the Case Management Order in the underlying FOIA litigation. Certification, Exhibit E.

## ARGUMENT

### I.    The Court Should Quash the Deposition of a Non-Party When It Exceeds the Scope of Permitted Discovery

A court should quash a Rule 45 deposition subpoena that violates the scope of discovery authorized by the court in the underlying litigation and/or when the deposition is not within the scope of reasonable discovery. *CouponCabin, LLC v. Savings.com, Inc.*, Cause No. 2:14-CV-39-TLS-PRC, 2017 WL 541445, at *3 (N.D. Ind. Feb. 10, 2017) (quashing a subpoena when "[d]iscovery sought in the nonparty subpoena . . . is not relevant"); *Rios v. Indiana Univ.*, No. 3:04-CV-276 RM, 2005 WL 1828767, at *2 (N.D. Ind. July 28, 2015) (considering compliance with case management order in deciding whether to quash a Rule 45 subpoena); *Petka v. Mylan Pharms., Inc.*, Case No. 16-mc-80196-MEJ, 2016 WL 6947589, at *3 (N.D. Cal. Nov. 28, 2016) (quashing a subpoena that sought discovery beyond what was allowed by the court's scheduling order); *Oculu, LLC v. Oculus VR, Inc.*, No. 2:10-CV-438-JTM-PRC, 2015 WL 1926646, at *2

(N.D. Cal. Apr. 28, 2015) (same); *Shimon v. Sewerage & Water Bd. of New Orleans*, No. Civ.A 05-1392, 2006 WL 2475309, at *6 (E.D. La. Aug. 24, 2006) (same).

Here, Plaintiff's Subpoena issued to Agri Stats violates the Case Management Order in the FOIA litigation, and, in any event, the information that Plaintiff seeks from Agri Stats is not sufficiently relevant to that litigation to warrant the burden of a non-party deposition. As such, the Subpoena should be quashed.

### A. The Deposition Sought by Plaintiff Is Outside the Scope of Discovery Permitted by Magistrate Judge Laporte in the FOIA Litigation

As reflected in Magistrate Judge Laporte's order, "discovery in FOIA actions is rare." *Taylor v. Babbitt*, 673 F. Supp. 2d 20, 22 (D.D.C. 2009) (quoting *Schrecker v. Dep't of Justice*, 27 F. Supp. 2d 29, 35 (D.D.C. 2002)); *Thomas v. Dep't of Health & Human Servs., Food & Drug Admin*, 587 F. Supp. 2d 114, 115 (D.D.C. 2008) ("[D]iscovery is an extraordinary procedure in a FOIA action."). It is "only appropriate when it appears an agency has not undertaken an adequate search for responsive documents, or, when necessary, to determine the applicability of FOIA disclosure exemptions." *Taylor*, 673 F. Supp. 2d at 22. Here, Magistrate Judge Laporte has authorized limited deposition discovery solely for the purpose of determining whether the disclosure of information about commercial layer egg production facilities in Texas collected by the FDA would cause competitive harm under Exemption 4 and expressly prohibited depositions seeking to show that the information is otherwise publicly available.

The deposition of Agri Stats sought by Plaintiff falls outside this limited discovery for several reasons: (i) Plaintiff seeks the deposition to show that similar information is publicly available from another source, when the Court expressly prohibited Plaintiff from pursuing depositions to show that the same information is publicly available; (ii) Agri Stats does not operate any commercial layer egg production facilities and is therefore not in a position to opine

on potential competitive harm to that industry; and (iii) the Case Management Order provides for depositions only of witnesses who will "offer testimony" at the evidentiary hearing, and Agri Stats will not offer testimony at the hearing.

### 1. *Plaintiff Seeks a Deposition of Agri Stats to Pursue a Topic Prohibited in the Case Management Order*

Plaintiff seeks to depose Agri Stats on a topic prohibited in the Case Management Order: whether the information redacted from the FDA's reports is publicly available. For example, Topic No. 3 asks where Agri Stats obtains its information, Topic Nos. 5 and 6 ask to whom it distributes the reports, and Topic No. 8 asks how it keeps the information confidential. Notice, Exhibit D, at p. 6. Importantly, none of this Agri Stats information is contained in the FDA reports at issue in the FOIA litigation. Rather, Plaintiff seeks to use such information to try to show that information similar to the information redacted from the FDA's EIRs is publicly available. But Magistrate Judge Laporte *specifically foreclosed* deposition discovery for the purpose of determining "whether the redacted information is or was publicly available." Case Management Order, Exhibit A, at p. 2. If the Court saw no justification to permit Plaintiff from seeking to show that the *same* information is publicly available, there is even less justification for Plaintiff to impose burdens on a non-party to show that *similar* information might be publicly available. In any event, Agri Stats does not publicly disclose such information about egg producers. Snyder Decl., Exhibit C, at ¶ 3.

The remaining topics concern the value, content, and accuracy of the reports and the history of Agri Stats (Topic Nos. 1, 2, 4, and 7), questions that have nothing to do with competitive harm from the disclosure of the information in its EIRs. Notice, Exhibit D, at p. 6. Tellingly, the EIRs—the documents that Plaintiff seeks in this FOIA litigation—are *not* a topic of deposition. *See* Notice, Exhibit D, at p. 6.

US.113094622.01

Because the deposition would be focused on whether the information about commercial egg production contained in the EIRs is "publicly available," and the Case Management Order prohibits discovery on this issue, the Subpoena should be quashed.[2]

### 2. Agri Stats Is Not an Egg Producer and Is Not in a Position to Testify About Potential Harm to Competition Among Egg Producers

The underlying litigation in this case concerns information collected by FDA inspectors about various commercial layer egg production facilities in Texas. The egg producers themselves—the competitors in this industry—are best able to provide information that would prove (or disprove) any competitive harm that would arise from full disclosure of information about the commercial layer egg production facilities in the EIRs. *Cf. McDonnell Douglas Corp. v. U.S. Dep't of the Air Force*, 375 F.3d 1182, 1185-86 (D.C. Cir. 2004) (company objected to FOIA release on the grounds that the release would cause competitive harm to that company).

Agri Stats, on the other hand, does not operate or own any commercial layer egg production facilities and does not compete in that industry. Snyder Decl., Exhibit C, at ¶ 5. Indeed, Agri Stats did not provide the information redacted from the EIRs and does not know exactly what information they contained. Snyder Decl., Exhibit C, at ¶ 6. In contrast, Cal-Maine Foods, Feather Crest Farms, Mahard Egg Farm, Kieke Egg Farm, Ruby's Quail Farm, and Pilgrim's Pride Corporation compete in the commercial egg production industry, and each of them knows what information is in the EIR prepared after the inspection of their production facilities. *See Animal Legal Defense Fund*, 2013 WL 4511936, at *2 (specifically identifying the listed farms and noting that EIRs "are issued to firms at the close of inspections when violations

---

[2] Moreover, Agri Stats reports are *not* publicly available. As noted above on page 4, it uses the information it collects to identify efficiency opportunities for agribusinesses and distributes certain information in a manner that protects the confidentiality of individual companies. Snyder Decl., Exhibit C, at ¶ 2.

US.113094622.01

are observed"). And each is better positioned to address potential harm to their ability to compete.

For this reason as well, the Court should quash the Subpoena.

### 3. *The Case Management Order Provides For Depositions Only of Witnesses Who Will "Offer Testimony" At the Evidentiary Hearing or Bench Trial*

Agri Stats is a non-party that has no intention of appearing at any evidentiary hearing in the FOIA litigation in California. Snyder Decl., Exhibit C, at ¶ 7. Further, given that Agri Stats is located in Indiana, and it has no employee who regularly conducts business within 100 miles of San Francisco, Plaintiff cannot compel Agri Stats to appear at the bench trial or evidentiary hearing. Snyder Decl., Exhibit C, at ¶ 8. Accordingly, Plaintiff's issuance of a subpoena compelling this deposition testimony violates the Case Management Order's directive that "[e]ach party may take the deposition of any witness who is expected to offer testimony . . . at the evidentiary hearing in this matter." Case Management Order, Exhibit A, at p. 2.[3] For this reason as well, the Court should quash the Subpoena.

### B. The Deposition of Agri Stats Is Not Likely to Yield Information Relevant to the FOIA Litigation

The Court also should quash the Subpoena because any testimony from Agri Stats is not likely to be relevant to the FOIA litigation. *CouponCabin, LLC*, 2017 WL 541445, at *3 (quashing a subpoena when "[d]iscovery sought in the nonparty subpoena served on Wipro is not relevant to the claims in this litigation"); *Robinson Steel Co., Inc. v. Caterpillar, Inc.*, No. 2:10-CV-438-JTM-PRC, 2012 WL 5903769, at *3 (N.D. Ind. Nov. 21, 2012) ("There are several

---

[3] Plaintiff suggested during the meet and confer that the parties have agreed to take depositions of other non-parties who might not appear at the evidentiary hearing. Certification, Exhibit E. Such an agreement between the parties is not relevant to this motion as the parties have no authority to modify the scope of the restrictions on discovery in the Case Management Order.

9

factors that may be weighed in determining whether a subpoena is unduly burdensome, including relevance." (internal quotation marks omitted)); *Oculu, LLC*, 2015 WL 1926646, at *2 (quashing a non-party deposition subpoena when the issuer failed to show how the topics were relevant). Another factor in the undue burden analysis is non-party status. *Robinson Steel Co.*, 2012 WL 5903769, at *3. ("[N]on-party status is a significant factor a court must consider when assessing undue burden for the purpose of a Rule 45 motion." (quoting *WM High Yield v. O'Hanlon*, 460 F. Supp. 2d 891, 895-96 (S.D. Ind. 2006))).

As discussed above, the information at issue in the FOIA litigation was collected by the FDA from commercial egg producers in Texas. None of the information was provided by Agri Stats. Snyder Decl., Exhibit C, at ¶ 6. Agri Stats does not know the specific information that the FDA redacted, and it does not provide public reports with information falling into the categories listed as relevant by the Court in the FOIA litigation: "(1) total hen population; (2) number of hen houses; (3) number of floors per house; (4) number of cage rows per house; and (5) number of cage tiers per house." Case Management Order, Exhibit A, at p. 2; Snyder Decl., Exhibit C, at ¶ 3. Indeed, Agri Stats does not collect any information from any of the commercial layer egg production facilities in Texas, let alone from those that are at issue in the FOIA litigation. Snyder Decl., Exhibit C, at ¶ 4. Further, Agri Stats does not compete in the egg production industry. Snyder Decl., Exhibit C, at ¶ 5.

Under these circumstances, Agri Stats is not in a position to provide testimony relevant to the potential competitive harm to egg producers from disclosure of the information redacted by the FDA. And, under any circumstances, the egg producers themselves are in a far better position to address the issues of what information is available to them and the potential harm to

their businesses from disclosure of information about their facilities, so that there is no justification for imposing the burden of a deposition on Agri Stats.

## CONCLUSION

For the foregoing reasons, Agri Stats respectfully requests that this Court to quash the deposition Subpoena.

Dated: June 30, 2017

Respectfully submitted,

FAEGRE BAKER DANIELS LLP

By _____
Jessica Benson Cox (#26259-49)
Patrick H. Reilly (#28739-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone:  317-237-0300
Facsimile:   317-237-1000
Email:        jessica.cox@faegrebd.com
                 patrick.reilly@faegrebd.com

*Attorneys for Agri Stats, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing Memorandum Of Law In Support Of Motion To Quash Subpoena Served On Non-Party Agri Stats, Inc. to be served by overnight mail and email upon the following persons on June 30, 2017:

Christopher Berry
525 E. Cotati Ave
Cotati, CA 94931
cberry@aldf.org
(707) 795-2533

Michelle Lo
United States Attorney's Office
Northern District of California
450 Golden Gate Avenue
P.O. Box 36055
San Francisco, CA 94102
Michelle.Lo@usdoj.gov
(415) 436-7180

Date: June 30, 2017

US.113094622.01