ANTHONY ELISEUSON, Ill. Bar No. 6277427
aeliseuson@aldf.org
SARAH K. HANNEKEN, Or. Bar No. 165104
shanneken@aldf.org
*Pro hac vice application pending*

ANIMAL LEGAL DEFENSE FUND
525 East Cotati Avenue
Cotati, California 94931
Tel: (707) 795-2533
Fax: (707) 795-7280

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | |
|---|---|
| ANIMAL LEGAL DEFENSE FUND,<br><br>  Plaintiff;<br><br>  v.<br><br>UNITED STATES FOOD AND DRUG ADMINISTRATION,<br><br>  Defendant. | Misc. No. 1:17-MC-0026-PRC<br><br>(Civ. Case No. 12-cv-04376-EDL pending in the Northern District of California) |

**REPLY BRIEF IN SUPPORT OF ANIMAL LEGAL DEFENSE FUND'S MOTION TO TRANSFER AGRI STATS, INC.'S MOTION TO QUASH SUBPOENA**

**INTRODUCTION**

Animal Legal Defense Fund ("ALDF"), the plaintiff in the FOIA litigation underlying this discovery dispute, offers this reply to Agri Stats, Inc.'s ("Agri Stats") brief in opposition to ALDF's July 14th Motion to Transfer.[1] For all the reasons delineated in ALDF's supporting brief

---

[1] ECF No. 10 (ALDF's motion to transfer Agri Stats's motion to quash subpoena); ECF No. 15 (Agri Stats's brief in opposition to transfer).

1

and demonstrated below, ALDF respectfully asks this Court to transfer Agri Stats's motion to quash to the Northern District of California (as an alternative to denying Agri Stats's motion to quash outright). *See* ECF No. 10-1.

On June 20, 2017, ALDF served a deposition subpoena upon Agri Stats in connection with FOIA litigation pending in the Northern District of California. Agri Stats moved to quash the subpoena (ECF No. 1), and ALDF moved to transfer the subpoena dispute to the issuing court (ECF No. 10). In support of its motion to transfer, ALDF elucidated the idiosyncrasies of the dispute that make transfer to the Northern District of California the clear choice here. ALDF easily carries its burden of proving exceptional circumstances under F.R.C.P. Rule 45(f). Because ALDF has carried its burden in proving exceptional circumstances, and because transfer would *clearly not* be unduly burdensome on Agri Stats, this Court should grant ALDF's motion to transfer.

## DISCUSSION

### I.     Exceptional Circumstances Exist

Despite its best efforts to characterize the issue as a run-of-the-mill dispute over relevancy, Agri Stats's motion to quash turns primarily on its reading of the Case Management Order (the "Order") in the underlying litigation. ECF No. 2, at 5; *see* ECF No. 3 (Exhibit A: Case Mgmt. and Pretrial Order for Bench Trial). The Order, issued by presiding Magistrate Judge Laporte in the underlying litigation, contains language regarding the scope of permissible discovery. Agri Stats's relevancy objection to ALDF's subpoena turns precisely on its unique interpretation of Judge Laporte's discovery delimitation.

Given ALDF's and Agri Stats's dueling interpretations of this Order, it cannot reasonably be characterized as "straightforward," as Agri Stats tries to do. *See* ECF No. 15, at 2, 4-5. In its

opposition brief, Agri Stats asserts, "This Court can interpret the straightforward language of the Order, and there is no threat that the interpretation would conflict with any other"—except, of course, *Judge Laporte's* interpretation, which is ultimately dispositive of Agri Stats's primary argument for quashing the subpoena. *Id.* at 5. Since the meaning of Judge Laporte's Order is dispositive, *Judge Laporte* ought to be the one to interpret her own Order. This is not a routine dispute over relevancy; this is a dispute over the subjective interpretation of another judge's own case-management order. This dispute, in other words, presents a quintessential example of exceptional circumstances where transfer is clearly warranted.

Even if Agri Stats's characterization of this discovery dispute *did* distill down to a simple relevancy question (which it does not), transfer would still be appropriate. Courts across multiple judicial districts have noted that "centrality of the relevance issue to resolving the motion to quash *strongly weighs in favor of transferring the motion to the issuing court*." *Flynn v. FCA US LLC*, 216 F. Supp. 3d 44, 47 (D.D.C. 2016) (emphasis added); *see also XY, LLC*, 307 F.R.D. at 12 (transferring motion to quash in part because "the relevance argument … emphasizes the need for the court where the underlying matter lies to decide the matter"); *Patriot Nat'l Ins. Grp. v. Oriska Ins. Co.*, 973 F. Supp. 2d 173, 176 (N.D.N.Y. 2013) (same). Where making a relevance determination would require the compliance court "to delve into the intricacies of the underlying dispute," transfer to the issuing court is strongly preferred. *FDIC v. Galan–Alvarez*, No. 15-mc-752, 2015 WL 5602342, at *3 (D.D.C. Sept. 4, 2015).

Over the four-plus years that the underlying FOIA litigation has been pending, various factual issues have arisen that have been awfully similar in nature and closely intertwined. Discovery in this case is now expressly limited to just *one* of these thornily similar issues. *See* Ex. A at 2. Therefore, to accurately determine the relevancy of the information ALDF seeks via

3

its deposition of Agri Stats, this Court would absolutely need to delve into the intricacies of the past four years of litigation to tease apart these narrow factual issues to truly understand the scope of the single issue now presented. This would require a review of myriad briefings and orders from the past four years of the underlying litigation, including two appellate rulings from the Ninth Circuit. This "delv[ing] into the intricacies" is precisely what a Rule 45(f) transfer is designed to avoid.

In light of these clear exceptional circumstances, transfer of Agri Stats's motion to quash to the issuing court is proper.

## II.     No Undue Burden on Agri Stats

ALDF readily acknowledges that the primary consideration in weighing a Rule 45(f) motion to transfer is avoidance of undue burden upon non-parties. Yet Agri Stats would *not* be unduly burdened if its motion to quash were transferred to the Northern District of California. Agri Stats is a wholly-owned subsidiary of Fortune 500 company Eli Lilly.[2] ECF No. 6. In recent years, Agri Stats generated an estimated revenue of over $10.62 million.[3] Moreover, the company is represented by two international law firms—Faegre Baker Daniels LLP and Covington & Burling LLP—*both* of which have taken an active role in this discovery dispute, while the latter additionally represents Agri Stats in pending federal antitrust litigation.[4] In short, Agri Stats is hardly the "small company" its opposition brief makes it out to be.

Agri Stats has not identified a single way in which adjudicating its motion to quash before the Northern District of California would be any more burdensome than adjudicating the

---

[2] In fact, Eli Lilly ranks 132 among the largest U.S. companies. In FY 2016, Eli Lilly reported $21.22 billion in sales and $2.74 billion in profits. *See* http://fortune.com/fortune500/eli-lilly/

[3] *See* http://www.hoovers.com/company-information/cs/revenue-financial.agri_stats_inc.d4d71b06e2b74da2.html

[4] *See* Christopher Leonard, *Is the Chicken Industry Rigged?: Inside **Agri Stats**, the Poultry Business's Secretive Info-sharing Service*, BLOOMBERG (Feb. 15, 2017), *available at* https://www.bloomberg.com/news/features/2017-02-15/is-the-chicken-industry-rigged

motion before this Court. Indeed, for a company like Agri Stats, the burden of defending a motion to quash is virtually the same before the Northern District of California as it is before this Court. For the reasons delineated in Part I of this Reply Brief and previously in ALDF's original Memorandum (ECF No. 10-1), any increase in burden upon Agri Stats caused by transferring its motion to quash simply does not rise to the level of "undue."

## CONCLUSION

Agri Stats's motion to quash does not turn on a run-of-the-mill question of relevancy, but rather on Judge Laporte's subjective reading of her own Case Management Order. This presents a quintessential case of exceptional circumstances, warranting transfer under Rule 45(f). The slight burden, if any, that Agri Stats might experience if forced to adjudicate its motion to quash in the Northern District of California absolutely does not outweigh the myriad exceptional circumstances that favor adjudication of this discovery dispute by the issuing court.

For these reasons, if this Court decides not outright deny Agri Stats's motion to quash subpoena, ALDF prays this Court will grant its motion to transfer the matter to the issuing court.

Respectfully submitted,

ANIMAL LEGAL DEFENSE FUND

DATED: July 31, 2017

By: /s/ Anthony Eliseuson
Anthony T. Eliseuson (Ill. Bar No. 6277427)
1755 W. Roscoe St., Unit 3
Chicago, Illinois 60657
aeliseuson@aldf.org
Tel: (707) 795-2533; Fax: (707) 795-7280

Sarah K. Hanneken (Or. Bar No. 165104)
*Pro hac vice application pending*
919 SW Taylor St. #400
Portland, OR 97205
shanneken@aldf.org
Tel: (707) 795-2533; Fax: (707) 795-7280

*Attorneys for Plaintiff*

5

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2017, I electronically filed the foregoing Reply Brief in Support of Animal Legal Defense Fund's Motion to Transfer Agri Stats, Inc.'s Motion to Quash Subpoena with the Clerk of the Court using the CM/ECF system.

Notification of this filing was automatically sent to:

Patrick Harriman Reilly
Faegre Baker Daniels LLP
300 N Meridian St, Ste 2700
Indianapolis, IN 46204-1782
Patrick.Reilly@faegrebd.com
(317) 237-0300

Jessica Benson Cox
Faegre Baker Daniels LLP
300 North Meridian Street
Indianapolis, IN 46204
jessica.cox@faegrebd.com
(317) 237-0300

I further certify that on July 31, 2017, I also caused this document to be served on the following non-CM/ECF participants by electronic mail:

Thomas Barnett
Covington & Burling LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
tbarnett@cov.com
(202) 662-5407

Michael Baker
Covington & Burling LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
mbaker@cov.com
(202) 662-5833

Michelle Lo
United States Attorney's Office
Northern District of California
450 Golden Gate Avenue
P.O. Box 36055
San Francisco, CA 94102
Michelle.Lo@usdoj.gov
(415) 436-7180

Wendy Garbers
United States Attorney's Office
Northern District of California
450 Golden Gate Avenue
P.O. Box 36055
San Francisco, CA 94102
Wendy.Garbers@usdoj.gov
(415) 436-6475

Non-CM/ECF participants consented to service by electronic mail.

DATED: July 31, 2017				By:   /s/ Anthony Eliseuson

                                                                 Anthony T. Eliseuson (Ill. Bar No. 6277427)
ANIMAL LEGAL DEFENSE FUND
1755 W. Roscoe St., Unit 3
Chicago, Illinois 60657
aeliseuson@aldf.org
Tel: (707) 795-2533
Fax: (707) 795-7280